# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br><br> Honorable Marianne O. Battani |
| In Re: ANTI-VIBRATIONAL RUBBER PARTS | No. 2:13-cv-00801-MOB-MKM <br><br> No. 2:16-cv-14057-MOB-MKM |
| DIRECT PURCHASER ACTIONS | |
| JERRY A. ANDERSON, SR., LAURA L. LARUE, and CHRISTOPHER A. LEE, on behalf of themselves and all other similarly situated, <br><br>          Plaintiffs, <br><br> v. <br><br> BRIDGESTONE CORPORATION, BRIDGESTONE APM COMPANY, YAMASHITA RUBBER CO., LTD., YUSA CORPORATION, SUMITOMO RIKO COMPANY, LTD., DTR INDUSTRIES, INC., TOYO TIRE & RUBBER CO., LTD., TOYO TIRE NORTH AMERICA OE SALES LLC, AND TOYO AUTOMOTIVE PARTS (USA), INC., <br><br>          Defendants. | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................... ii

STATEMENT OF THE ISSUES ..................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................................ iv

INTRODUCTION .......................................................................................1

FACTUAL BACKGROUND .........................................................................1

ARGUMENT ............................................................................................4

    I.   There is No Substantial Ground for a Difference of Opinion
        as to the Correctness of the Court's Decision. ...............................................4

        A.  Plaintiffs' Allegations as to Their Standing Are Sufficient. ......................................5

        B.  Plaintiffs are Not Required to Prove Standing at This Stage......................................6

        C.  Plaintiffs' Purchases of Defendants' Products Resolve an Antitrust Issue................7

        D.  Plaintiffs are "Direct Purchasers," as Defined by Illinois Brick and Its Progeny.......8

    II.  The Issues Defendants Raise are Not Controlling Questions of Law Because
        they are Not Valid Questions of Law. ........................................................10

CONCLUSION.........................................................................................10

## <u>TABLE OF AUTHORITIES</u>

CASES

*Bell v. Hood*, 327 U.S. 678 (1945)..................................................................................7

*Dassault Systemes, S.A. v. Childress*, 2016 WL 8229034 (E.D. Mich. June 22, 2016) ...............4

*Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133 (9th Cir. 2003)...................................9

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007)........................6, 7

*Heater Control Panels*, 12-cv-00401 (E.D. Mich.), Apr. 30, 2014 Op. & Order........................5

*Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977) .......................................................................9

*In re ATM Fee Antitrust Litig.*, 686 F.3d 741 (9th Cir. 2012) ...................................................10

*In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599 (7th Cir. 1997)...............10

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002) ...................................................................4

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)......................................................................4

*In re Prandin Direct Purchaser Antitrust Litig.*, 2014 WL 8335997
      (E.D. Mich. Oct. 2, 2014) ....................................................................................................8

*In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13 (3d Cir. 1978)...................................................9

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006) ..............................................6-7

*Musson Theatrical v. FedEx*, 89 F.3d 1244 (6th Cir. 1996) .........................................................6

*Sierra Club v. Glickman*, 156 F.3d 606 (5th Cir. 1998) ...............................................................5

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010) .....................................5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998).........................................................5

*Supermarket of Marlinton, Inc. v. Valley Rich Dairy*, 161 F.3d 3, 1998 WL 610648
      (4th Cir. 1998)......................................................................................................................8

## <u>STATEMENT OF THE ISSUES</u>

1. Should the Court allow Defendants to seek an interlocutory appeal of the Court's Opinion and Order Denying Defendants' Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6) and Defendants' Motion to Strike Class Allegations Under Rule 12(f) and 23(d)(1)(D) (Doc. 20)?

**Suggested Answer:** No.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007)..........................6, 7

*Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977) ......................................................................9

*In re Prandin Direct Purchaser Antitrust Litig.*, 2014 WL 8335997
    (E.D. Mich. Oct. 2, 2014) .................................................................................................8

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006) ...............................................6-7

*Supermarket of Marlinton, Inc. v. Valley Rich Dairy*, 161 F.3d 3, 1998 WL 610648
    (4th Cir. 1998)................................................................................................................8

## INTRODUCTION

Defendants' Motion to Certify for Interlocutory Appeal the Opinion and Order Denying Defendants' Motion To Dismiss is based on factual premises the parties addressed in copious detail at the motion to dismiss stage. The Court properly considered and effectively rejected Defendants' contentions in its Opinion and Order.[1] In their bid to convince the Court that it erred to such an extent that it should allow Defendants to immediately seek interlocutory review, Defendants offer little more than what they previously presented to the Court.  The arguments are no more compelling the second time around.

Defendants do, however, improperly add an additional contention regarding Plaintiffs' evidence that they could have raised in their reply brief in support of the underlying motion. That contention is belied by looking at the documents themselves. Defendants' motion otherwise relies on erroneous legal propositions supported by a smattering of citations to largely irrelevant law. Both Plaintiffs and the Court may thus rely at this stage on multiple factual and legal contentions that Plaintiffs previously raised and which were not effectively rebutted. For all of the reasons detailed below, in the Court's Opinion and Order, and in the briefing on the Defendants' motion to dismiss, and at oral argument, Defendants' 1292(b) motion should be denied.

## FACTUAL BACKGROUND

Defendants' pending motion turns largely on their assertion that the declarations they submitted with their motion to dismiss established that they sell AVRPs "*only*" to large-volume industrial purchasers. Defs.' Mem. at 1 (emphasis in original), 2. That in turn serves as the basis for repeated claims to the effect that the premise is "uncontroverted" or "unrebutted." *Id.* at i, 3, 4,

---

[1] Opinion and Order Denying Defendants' Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6) and Defendants' Motion to Strike Class Allegations Under Rule 12(f) and 23(d)(1)(D) (Doc. 20) ("Op. and Order").

{00182993 }

6, 7, 12, 13, 14. *See also id.* at 7 (Plaintiffs cited "no evidence" to the contrary), 8 (Plaintiffs cited "no facts" to the contrary). Defendants likewise cite those declarations for the premise that "[e]very BSRO/Firestone retail store acquires *all* of its AVRPs, including those made by Bridgestone, by buying them from" suppliers outside their own Bridgestone corporate family. *Id.* at 2 (emphasis in original).

But the Court has already considered and rejected those claims. *See* Op. and Order at 10 ("Defendants never inform the Court who sells to the retail stores."). That is in part because Plaintiffs demonstrated the following as to Bridgestone AVRPs: (1) Defendant Bridgestone Corporation ("BSJ") and/or its wholly-owned subsidiaries manufacture AVRPs; (2) Bridgestone Americas, Inc., is a wholly-owned subsidiary of BSJ; (3) Bridgestone Retail Operations, LLC ("BSRO/Firestone"), is a wholly-owned subsidiary of Bridgestone Americas, Inc.; and (4) BSRO/Firestone sells AVRPs directly to retail consumers. *See* Pls.' Brief in Opp. to Defs.' Mot. to Dismiss Under Rule 12(b)(1) and 12(b)(6) and Defs.' Mot. to Strike Class Allegations Under Rule 12(f) and 23(D)(1)(d) (Doc. 17) ("Pls.' Brf."), at 3 & Fig. 1. Defendants further obscured the facts underlying Plaintiffs' standing by implying—but not expressly saying—that BSRO/Firestone purchases AVRPs that were previously sold to entities outside the Bridgestone corporate family. *Id.* at 4. Plaintiffs thereafter exhaustively detailed the reasons why Defendants' above-referenced declarations do not in fact establish the premises for which Defendants cite them, most of which arose from the artful wording of those declarations. *Id.* at 9-10, 15-17.

Rather than respond substantively, Defendants in their reply brief for the first time described the declarations as "uncontroverted," and accused Plaintiffs of purportedly failing to address the "substance of these declarations." Defs.' Reply in Support of Their Mot. to Dismiss Under Rule 12(b)(1) and 12(b)(6) and Defs.' Mot. to Strike Class Allegations Under Rule 12(f)

2

and 23(D)(1)(d) (Doc. 18) ("Defs.' Reply"), at 4, 6 n.4. And now, faced with the Court's correct observation that "[d]efendants never inform the Court who sells to the retail stores," Defendants claim—but without citing any further evidence—that they "*did* inform the Court that all the sales to retail stores were made by entities unrelated to Bridgestone." Defs.' Mem. at 6 (emphasis in original).

Defendants again ask the Court to rely strictly on their counsels' unverifiable and unsupported assertions in this context, and to have the Court expand those carefully worded declarations beyond what they state. Plaintiffs respectfully suggest that this provides no basis for an interlocutory appeal.

Defendants also claim for the first time that Bridgestone web pages Plaintiffs cited address Bridgestone's tire business, and not its AVRP business. Defs.' Mem. at 13. But the materials themselves belie that contention. Exhibit 5 to Plaintiffs' memorandum extols Bridgestone's wide-ranging involvement in worldwide rubber markets, and nowhere includes any form of the word "tire." Exhibit 3 indicates that "Bridgestone Corporation … is the world's largest tire *and rubber* company. In addition to tires for use in wide variety of applications, it manufactures a broad range of diversified products…." *Id.* at 2 (emphasis added). And at least three of the exhibits reflect that "[t]he goal of the Bridgestone Group (Bridgestone) is to establish the status of being the undisputed world No. 1 tire *and rubber* company both in name and reality." Exs. 3-5 (emphasis added).

In short, none of Defendants' unfounded factual contentions should serve as a basis for any deviation from the course the Court properly chose in its well-reasoned opinion denying Defendants' motion to dismiss.  There being nothing in the Defendants' motion that provides

adequate support for their request that the Court allow them to seek an immediate appeal, Plaintiffs

respectfully request that the Court deny the motion so that the case can move forward.[2]

## **ARGUMENT**

This Court cited the Sixth Circuit standards governing Rule 1292(b) motions in *Dassault*

*Systemes, S.A. v. Childress*, 2016 WL 8229034 (E.D. Mich. June 22, 2016):

> Pursuant to 28 U.S.C. § 1292(b), a district court may enter an order certifying an issue for appeal if the following conditions are met: (i) the order involves a controlling question of law, (ii) substantial ground for difference of opinion exist regarding the correctness of the decision, and (iii) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Id.* at *1 (citing *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). The purported questions

Defendants raise relate to the second of those conditions.

## I.    **There is No Substantial Ground for a Difference of Opinion as to the Correctness of the Court's Decision.**

The Court cited the Sixth Circuit standards governing this aspect of Rule 1292(b) motions

in *Dassault*:

> Substantial grounds for difference of opinion exist where (i) the question is difficult, novel, or involves a matter on which there is little precedent; (ii) the question is of first impression; (iii) a difference of opinion exists within the controlling circuit; or (iv) the circuits are split on the question.

*Id.* at *2 (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). The fact that there are

no such grounds in this case is made clear by Defendants' general lack of legal support for their

position.

---

[2] Discovery has concluded in the indirect cases.  Since the same conduct by the Defendants underpins the direct purchaser and indirect purchaser cases, Plaintiffs believe that, although there is not a complete overlap, the vast majority of the discovery previously conducted can be used in the direct case.  Plaintiffs' current intention is to negotiate a discovery plan with the Defendants and to submit it to the Court in the near future.

A.      **Plaintiffs' Allegations as to Their Standing Are Sufficient.**

Defendants' argument turns on the repeated erroneous claim that "Plaintiffs do not even allege that the retail stores sold AVRPs made by Defendants, let alone that they sold AVRPs made by Defendants to these Plaintiffs." Defs.' Mem. at 5. Even if that claim were true, it would be irrelevant. The defendants in the Heater Control Panels Direct Purchaser Actions challenged as inadequate plaintiffs' allegation that each named plaintiff purchased HCPs from "one or more Defendants and/or their co-conspirators." The Court held that the plaintiffs' averment was sufficient, and observed that plaintiffs were not obligated to allege facts concerning "whether DPPs purchased HCPs for new vehicles or repair parts, what prices were paid, or from whom the purchases were made." *Heater Control Panels*, 12-cv-00401 (E.D. Mich.), Apr. 30, 2014 Op. & Order (ECF 78), at 10 (citing *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 325 (2d Cir. 2010)).

Defendants have never addressed that precedent, even though Plaintiffs previously cited it. Pls.' Brf. at 6-7. They instead rely on a poorly-worded dictum in *Sierra Club v. Glickman*, 156 F.3d 606 (5th Cir. 1998), for the proposition that "the Supreme Court has recently held that federal courts must be certain that a plaintiff has standing before addressing the merits of a particular case." *Id.* at 619 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)), cited in Defs.' Mem. at 6. But the court's opinion in *Sierra Club* followed summary judgment proceedings and trial. *Id.* at 611-12. More importantly, *Steel* has been cited in over 7,500 cases (including at least five in this Court), according to Westlaw. Defendants have been able to identify only one such case—and a 20-year-old case from another circuit at that—that purportedly stands for the proposition for which Defendants cite it. Plaintiffs are confident that is because no other cases stand for the proposition, which is contrary to a far greater body of law holding or suggesting

otherwise. *See, e.g., Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007) (all reasonable inferences drawn in plaintiffs' favor in facial challenges to jurisdiction at dismissal stage); *Musson Theatrical v. FedEx*, 89 F.3d 1244, 1248-49 (6th Cir. 1996) (Rule 12(b)(1) dismissal erroneous where plaintiff asserted a claim that had never previously been recognized but was supported by "reasoned arguments why a cause of action should exist").

### B. Plaintiffs are Not Required to Prove Standing at This Stage.

Defendants ask the Court to allow them to petition the Sixth Circuit based on an additional contention, that Plaintiffs "admitted they 'don't need jurisdictional discovery.'" Defs.' Mem. at ii. *See also id.* at 2, 6, 7, 17. Defendants base that claim on words Plaintiffs' counsel used at oral argument in the course of describing *Defendants'* arguments. The quote appears in one of four consecutive paragraphs Plaintiffs' counsel prefaced with the words "they say," referring to Defendants. It is clear from that context that when he said "we don't need jurisdictional discovery," he was referencing Defendants' claim that the Court need not require any jurisdictional discovery. *See* Oral Arg. Tr. at 89-90. More importantly, Plaintiffs' memorandum is crystal clear that Plaintiffs require discovery to properly address the issues raised by Defendants' factual contentions. *See* Pls.' Mem., Ex. B (Rule 56(f) declaration of Plaintiffs' counsel detailing discovery necessary to that end); Pls.' Mem. at 15 ("Defendants simply ignore Plaintiffs' right to discovery."). *See also id.* at 1, 8 n.2, 14, 17-18 & n.9, 20.

Defendants fare no better as to the law. Courts may dismiss federal claims based on factual challenges to subject matter jurisdiction only where "the plaintiff's claims are clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous ...." *Gentek*, 491 F.3d at 332 (citation omitted); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006) ("jurisdictional dismissal is proper if the federal claim 'clearly appears to

be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous'") (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1945)). Plaintiffs previously cited this body of law. *See* Pls.' Mem. at 6. Defendants have yet to address it in any way. It should again be decisive in this context.

### C.   Plaintiffs' Purchases of Defendants' Products Resolve an Antitrust Issue.

Rule 12(b)(1) factual challenges invite a court to "weigh conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Gentek*, 491 F.3d at 330. But such factual attacks are reserved only for those cases where "the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Id.* If the factual attack on "subject-matter jurisdiction also implicates an element of the cause of action, then the district court should *find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Id.* (emphasis in original; quotation marks omitted).

That rule evidently motivated Defendants' claim that the question of whether Plaintiffs purchased their products "is purely a jurisdictional issue," as opposed to one that affects both jurisdiction and the merits of Plaintiffs' antitrust claim. Defs.' Mem. at 10. But Defendants cite no supporting authority for that claim, upon which their entire argument in this context turns. *Cf.* Defs.' Mem. at 6 (criticizing Court for not citing a case supporting a key premise).

Defendants do cite authority for the proposition that "injury in fact" is an element of any antitrust claim. *Id.* at 10. Defendants' claim in this context is thus that whether Plaintiffs purchased their products has no bearing on whether Plaintiffs suffered injury-in-fact. That is contrary to common sense, as well as the relevant law. For example, in *Supermarket of Marlinton, Inc. v. Valley Rich Dairy*, 161 F.3d 3, 1998 WL 610648 (4th Cir. 1998), the Fourth Circuit determined that a plaintiff lacked antitrust standing solely because it had not purchased defendants' products

during the course of their alleged conspiracy. *Id.*, 1998 WL 610648, at *1, *4. More recently, the court in *In re Prandin Direct Purchaser Antitrust Litig.*, 2014 WL 8335997 (E.D. Mich. Oct. 2, 2014), certified a class based in part on the common, class-wide question of "[w]hether Defendants' challenged conduct…caused antitrust injury-in-fact to the Class, in the nature of overcharges paid as a result of the higher prices paid directly by Class members to Defendants for Prandin." *Id.* at *1. Absent class members' purchases of Prandin, they would have been unable to prove antitrust injury-in-fact. So it is in this case as to Plaintiffs' purchases of Defendants' AVRPs. No issue could be more intimately tied to the merits.

## D. Plaintiffs are "Direct Purchasers," as Defined by *Illinois Brick* and Its Progeny.

Defendants yet again rely on the erroneous premise that the "uncontroverted factual record demonstrates that there were multiple intervening sales to independent, unrelated entities separating the parent and subsidiary." Defs.' Mem. at 11. In this instance, the Court squarely addressed the issue in its Opinion and Order:

> [Certain Plaintiffs' exhibits] emphasize vertical integration, and Plaintiffs contend that it "strains credulity for Defendants to suggest that BCP does not primarily sell its own AVRPs at the retail level." (Doc. No. 17 in 16-14057 n.2; Exs. 1-9). In assessing the merits of a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable" to Plaintiffs. *Twombly*, 550 U.S. at 570. Moreover, Defendants concede that "it is not possible to know what entity made a particular AVRP" and that the "only way to find out which manufacturer made a given [AVRP] would be to trace it throughout the various entities in the manufacturing chain." This requires information exclusively within Defendants' control.

Op. and Order at 13. Defendants simply ignore that holding. Defendants likewise fail to address (for a second time) Plaintiffs' observation that courts routinely certify classes—like Plaintiffs' proposed class here—comprised of direct purchasers from defendants *and* their subsidiaries. *See*

Pls.' Brf. at 13-14 (citing cases). *Cf.* Defs.' Mem. at 3 (claiming this case is "unique" in this regard).

Defendants compound those errors by claiming that Plaintiffs "admitted that the ownership and control exception [to *Illinois Brick*] is limited to situations where corporate formalities were used to 'supersede the market.'" Defs.' Mem. at 12 (citing Oral Arg. Tr. at 79). It is clear from the context that Plaintiffs' counsel was merely detailing one of several reasons why the exception exists. *See* Oral Arg. Tr. at 78-79. In *Illinois Brick* itself, the Supreme Court cited as potential exceptions to its general rule any "situation in which *market forces have been superseded* [such as] where the direct purchaser is *owned or controlled* by its customer." *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 736 n.16 (1977) (emphasis added).

The exception is based primarily on the fact that where, as in this case, an antitrust violator and its middlemen are commonly owned, the court may assume that "market forces have been superseded" as to transactions within the corporate family. An additional basis is the one Plaintiffs' counsel referenced: "To adopt any other view would invite evasion [of the antitrust laws] by the simple expedient of inserting a subsidiary between the violator and the first noncontrolled purchaser." *In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13, 19 (3d Cir. 1978). *See also Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1146 (9th Cir. 2003) ("Were we to grant immunity from section 1 merely because defendants nominally sell services through another entity rather than to consumers directly, we would risk opening a major loophole for [antitrust violations].").

Defendants nevertheless claim that the Court risks establishing "a new sweeping rule that a parent-subsidiary relationship between a manufacturer and seller automatically triggers this exception." Defs.' Mem. at 12. That is inaccurate. Since *Illinois Brick*, lower courts have repeatedly recognized ownership, separate and apart from control, as grounds for an exception to

9

the rule, and have applied the ownership exception where defendants own a direct purchaser. *See, e.g., In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012) (ruling at dismissal stage that "an indirect purchaser may sue if the direct purchaser is a division or subsidiary of the price-fixing seller"); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 605 (7th Cir. 1997) (recognizing "ownership" and "control" as separate exceptions). Defendants' claim that there is a substantial ground for a difference of opinion in this context is baseless.

## II.   The Issues Defendants Raise are Not Controlling Questions of Law Because they are Not Valid Questions of Law.

For all of the reasons detailed above, Defendants fail to raise any valid questions of law that would justify interlocutory appeal at this stage.[3] Even Defendants' reasoning that is limited to this context is lacking. In particular, Defendants' claim that "Plaintiffs' counsel admitted that they were unable to locate a 'better' plaintiff—that is, a real direct purchaser" is false on the face of the quotation upon which they rely to support the claim (which does not include the word "better"). *See* Defs.' Mem., at 16. As the Court explained in its Opinion and Order at 15, arguments about typicality and adequacy are premature, as no discovery has taken place.

### CONCLUSION

For all of the aforementioned reasons, Defendants' Motion to Certify for Interlocutory Appeal the Opinion and Order Denying Defendants' Motion to Dismiss should be denied.

---

[3] Plaintiffs acknowledge that if those questions were valid, they would be controlling, and that an immediate appeal would advance the ultimate termination of the litigation.

Dated: May 7, 2018

Respectfully submitted,

By: /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Avenue; Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
nfink@finkandassociateslaw.com

Interim Liaison Counsel for Plaintiffs Jerry A.
Anderson, Sr., Laura L. LaRue, Christopher A.
Lee and the Proposed Class

Gregory P. Hansel
Randall B. Weill
Jonathan G. Mermin
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
jmermin@preti.com
msmith@preti.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
skanner@fklmlaw.com
wlondon@fklmlaw.com
mmoskovitz@fklmlaw.com

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
espector@srkw-law.com
bcaldes@srkw-law.com
jjagher@srkw-law.com
jspector@srkw-law.com

Interim Lead Counsel for Plaintiffs Jerry A.
Anderson, Sr., Laura L. LaRue, Christopher A.
Lee and the Proposed Class

Linda P. Nussbaum
Bart D. Cohen
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

Counsel for Plaintiffs Jerry A. Anderson, Sr.,
Laura L. LaRue, Christopher A. Lee and the
Proposed Class On the Brief

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

**FINK + ASSOCIATES LAW**

/s/ Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Avenue; Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
nfink@finkandassociateslaw.com

13